UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.                                         **DECISION AND ORDER**
                                                    12-CR-45S (6)

GABRIEL RODRIGUEZ,

                Defendant.

## I. INTRODUCTION

Presently before this Court is Defendant Gabriel Rodriguez's Motion for Compassionate Release, which the government opposes. See 18 U.S.C. § 3582 (c)(1)(A). For the reasons discussed below, Rodriguez's motion is denied.

## II. BACKGROUND

On July 5, 2017, Rodriguez pleaded guilty to conspiring to possess with intent to distribute, and to distribute, 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846. (Docket Nos. 318, 319.) Nearly one year later, on June 20, 2018, this Court sentenced Rodriguez to 60 months' imprisonment, 4 years' supervised release, a $100 special assessment, and no fine, fees, or costs. (Docket Nos. 378, 379.) Rodriguez is presently serving his sentence at FCI Elkton, with a release date of October 19, 2022.[1]

On June 26, 2020, Rodriguez filed a motion for compassionate release under 18 U.S.C. § 3582 (c)(1)(A)(i). (Docket Nos. 396, 401, 402.) He principally argues that the possibility of contracting COVID-19 while incarcerated, despite having no underlying health conditions, constitutes an extraordinary and compelling reason warranting his

---

[1] See https://www.bop.gov/inmateloc/ (last visited July 22, 2020).

1

release. The government opposes the motion. (Docket No. 398.)

### III. DISCUSSION

**A.     Compassionate Release under 18 U.S.C. § 3582 (c)(1)(A)(i)**

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." United States v. Gotti, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020). One such statute is 18 U.S.C. § 3582 (c)(1)(A)(i) which, as amended by the First Step Act of 2018,[2] provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The defendant carries the burden of showing that he or she is entitled to a sentence reduction under the statute. See United States v. Ebbers, 432 F. Supp. 3d 421, 426-27 (S.D.N.Y. 2020). A defendant proceeding on his or her own motion may meet that burden by demonstrating (1) that he or she satisfied the statutory exhaustion requirement, (2)

---

[2] Congress amended 18 U.S.C. § 3582 (c)(1)(A) in the First Step Act of 2018 to allow prisoners to bring their own motions for compassionate release after proper exhaustion. See Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018). The previous version of the statute permitted only the Bureau of Prisons to bring compassionate-release motions. See, e.g., United States v. Monzon, No. 99 Cr. 157, 2020 WL 550220, at *1 n.1 (S.D.N.Y. Feb. 4, 2020) (explaining the First Step Act amendment); United States v. Gotti, 433 F. Supp. 3d 613, 614-15 (S.D.N.Y. 2020) (same).

2

that extraordinary and compelling reasons exist for a sentence reduction, and (3) that a sentence reduction is consistent with the applicable Sentencing Guidelines provisions. See 18 U.S.C. § 3582 (c)(1)(A)(i); United States v. Perez, 17 Cr. 513-3 (AT), 2020 WL 1546422, at *2 (S.D.N.Y. Apr. 1, 2020). If the court finds, after consideration of the applicable 18 U.S.C. § 3553 (a) factors, that the defendant has met this burden, it may reduce the defendant's sentence under the statute. See 18 U.S.C. § 3582 (c)(1)(A)(i); see also United States v. Gileno, No. 3:19-CR-161-(VAB)-1, 2020 WL 1307108, at *1-2 (D. Conn. Mar. 19, 2020).

The statutory exhaustion requirement is mandatory and "must be strictly enforced." United States v. Monzon, No. 99 Cr. 157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020) (citing Theodoropoulos v. I.N.S., 358 F.3d 162, 172 (2d Cir. 2004)); United States v. Cassidy, 17-CR-116S, 2020 WL 1969303, at *3-8 (W.D.N.Y. Apr. 24, 2020) (finding exhaustion mandatory). The exhaustion requirement is met when the earlier of two circumstances occurs: (1) the defendant fully exhausts all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion to modify an imposed term of imprisonment on his or her behalf, [3] or (2) 30 days lapse from the date the warden of the

---

[3] The Scparta court explained the administrative process before the Bureau of Prisons as follows:

> First, an inmate must request the warden of her facility to file a compassionate-release motion on her behalf. 28 C.F.R. § 571.61 (a). Second, if the warden denies the prisoner's request, she has 20 days to appeal to the BOP's Regional Director. Id. § 571.63 (a) (providing that denials of compassionate-release requests are governed by the BOP's general Administrative Remedy Program, contained in 28 C.F.R. §§ 542.10-542.19); id. § 542.15 (a) ("An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response."). Third, if the Regional Director denies the prisoner's request, she then has 30 days to appeal to the BOP General Counsel. Id. § 542.15 (a). A decision from the General Counsel is the final step in the BOP's Administrative Remedy Program, id., and therefore "constitutes a final administrative decision," id. § 571.63 (b).

3

defendant's facility receives the defendant's request to file such a motion on his or her behalf.  See 18 U.S.C. § 3582 (c)(1)(A).

Congress delegated to the Sentencing Commission the task of "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582 (c)(1)(A)(i).  See 28 U.S.C. § 994 (t).  The Commission, in turn, promulgated a Policy Statement concerning sentence reductions under 18 U.S.C. § 3582 (c)(1)(A) in § 1B1.13 of the United States Sentencing Guidelines.  The Commentary to that section contains four examples of circumstances that constitute "extraordinary and compelling reasons" for a sentence reduction: "Medical Condition of the Defendant"; "Age of the Defendant"; "Family Circumstances"; and "Other Reasons".  See U.S.S.G. § 1B1.13.

At issue here is the "Other Reasons" category.  The "Other Reasons" category is a catch-all provision encompassing "an extraordinary and compelling reason other than, or in combination with, the [other] reasons described."[4]  Id. n. 1 (D).

As it relates to the requirement that a sentence reduction be consistent with the applicable Sentencing Guidelines provisions, U.S.S.G. § 1B1.13 is once again the

---

United States v. Scparta, 18-cr-578 (AJN), 2020 WL 1910481, at *7 (S.D.N.Y. Apr. 20, 2020).

[4] The Bureau of Prisons has implemented a Program Statement to guide its own implementation of 18 U.S.C. § 3582 (c)(1)(A).  See Bureau of Prisons Program Statement 5050.50, eff. January 17, 2019 (available at https://www.bop.gov/PublicInfo/execute/policysearch?todo=query# (last visited July 22, 2020)). This Court assumes without deciding that this Program Statement is non-binding as it relates to the "Other Reasons" provision of U.S.S.G. § 1B1.13 comment n. 1 (D), and that it is therefore not constrained by what the Director of the Bureau of Prisons might consider other extraordinary and compelling reasons for sentence reduction.  See, e.g., United States v. Marks, 03-CR-6033L, 2020 WL 1908911, at *5-7 (W.D.N.Y. Apr. 20, 2020) (finding that post-First Step Act, district courts are no longer bound by the specific categories warranting sentence reduction identified by the Sentencing Commission in U.S.S.G. § 1B1.13, including affording any deference to the Director for purposes of U.S.S.G. § 1B1.13 comment n. 1 (D) ("Other Reasons")).

4

relevant provision. It provides that a court may reduce a sentence if, after consideration of the 18 U.S.C. § 3553 (a) factors, it determines that

> (1) (A) extraordinary and compelling reasons warrant the reduction; or
>
> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559 (c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142 (g); and
>
> (3) the reduction is consistent with this policy statement.

See U.S.S.G. § 1B1.13.

Finally, district courts have broad discretion in deciding whether to grant or deny motions for sentence reduction. See Gileno, 2020 WL 1307108, at *2.

**B.    Rodriguez's Motion for Compassionate Release**

    **1. Exhaustion of Administrative Rights**

As indicated above, 18 U.S.C. § 3582 (c)(1)(A) contains a threshold exhaustion requirement. To satisfy this requirement, a defendant must demonstrate that either (1) he or she fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion to modify an imposed term of imprisonment on his or her behalf, or (2) 30 days have lapsed from the date the warden of the defendant's facility received the defendant's request to file such a motion on his or her behalf. See 18 U.S.C. § 3582 (c)(1)(A).

For reasons discussed at length in two previous decisions (fully incorporated herein), this Court has found that the statutory exhaustion requirement is mandatory and

5

cannot be excused.  See Cassidy, 2020 WL 1969303, at *3-8; United States v. Schultz, 17-CR-193S, 2020 WL 1872352, at *3-6 (W.D.N.Y. Apr. 15, 2020); see also United States v. Montanez, 15-CR-122G, 2020 WL 2183093, at *2-11 (W.D.N.Y. May 5, 2020) (finding § 3582 (c)(1)(A)'s exhaustion requirement mandatory).

Here, Rodriguez submitted his request for compassionate release to the warden of FCI Elkton on April 6, 2020.  (Affirmation of James P. Harrington, Esq. ("Harrington Aff."), Docket No. 396, Exhibit A.)  The warden denied his request on April 23, 2020.  (Id. at Exhibit B.)  Thirty days having lapsed since April 6, 2020, this Court finds that Rodriguez has satisfied the statutory exhaustion requirement, and the government does not contend otherwise.

**2.  Extraordinary and Compelling Reasons for Sentence Reduction**

Rodriguez has served approximately 24 months of his 60-month sentence.  He is a 42-year-old man in good health with no underlying medical conditions.  (Reply Memorandum of Law, Docket No. 401, pp. 2, 7; Presentence Investigation Report, Docket No. 376, ¶ 77.)  Nonetheless, Rodriguez contends that even without any underlying medical conditions, he is still generally at risk of contracting COVID-19 and therefore seeks release on that basis.

This argument implicates the "Other Reasons" section of U.S.S.G. § 1B1.13 comment n. 1 (D), which provides for relief if there exist extraordinary and compelling reasons for sentence reduction other than (or in combination with) what is specifically prescribed.  See United States v. Resnick, 14 CR 810 (CM), 2020 WL 1651508, at *7 (S.D.N.Y. Apr. 2, 2020) (considering compassionate-release request based on a defendant's susceptibility to COVID-19 under the "catch-all" provision of U.S.S.G. §

6

1B1.13 comment n. 1 (D)).

COVID-19, of course, is the sweeping, potentially deadly, worldwide pandemic that required the President of the United States to declare a national emergency on March 13, 2020. The Centers for Disease Control and Prevention ("CDC") has determined that individuals with certain underlying medical conditions, particularly if not well controlled, are at high risk for severe illness from COVID-19.[5] See Jones v. Wolf, No. 20-CV-361, 2020 WL 1643857, at *8 (W.D.N.Y. Apr. 2, 2020) (taking judicial notice that "for people of advanced age, with underlying health problems, or both, COVID-19 causes severe medical conditions and has increased lethality") (quoting Basank v. Decker, 20 Civ. 2518 (AT), 2020 WL 1481503, at *3 (S.D.N.Y. Mar. 26, 2020)).

But here, Rodriguez does not suffer from any of the medical conditions listed by the CDC, nor is he otherwise at high risk of contracting COVID-19. He simply (and understandably) fears contracting COVID-19 while incarcerated. Such a generalized fear, however, does not constitute an extraordinary and compelling reason for compassionate release. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"); United States v. Nwankwo, No. 12 Cr. 31 (VM), 2020 WL 2490044, at *1-2 (S.D.N.Y. May 14, 2020) ("the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as

---

[5] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited July 22, 2020).

advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease"); United States v. Jaramillo, No. 17 CR 4, 2020 WL 2306564, at *1 (S.D.N.Y. May 8, 2020) (denying compassionate release motion where defendant failed to demonstrate a specific medical condition that placed him at extraordinary risk of infection or severe illness from COVID-19); United States v. Eberhart, Case No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13").

While this Court recognizes that Rodriguez is housed at FCI Elkton, which has been a "hotspot" for COVID-19,[6] the conditions there alone do not "warrant the wholesale release of all its inmates," particularly in this case, where Rodriguez has no underlying medical conditions that make him particularly susceptible to COVID-19. United States v. McIndoo, 1:15-CR-142 EAW, 2020 WL 2201970, at *4 (W.D.N.Y. May 6, 2020).

Moreover, the government indicates in its opposition that Rodriguez has already had COVID-19 and suffered no ill effects. (Memorandum of Law, Docket No. 398, pp. 2-3, 9.) While Rodriguez is not fully convinced that he actually had the virus, he submitted medical records confirming his positive test results from June 23, 2020, as well as

---

[6] Other federal district courts have also acknowledged the difficult conditions at FCI Elkton. See, e.g., United States v. Schultz, 17-CR-193S, 2020 WL 2764193, at *6 (W.D.N.Y. May 28, 2020) (discussing FCI Elkton); United States v. McIndoo, 1:15-CR-142 EAW, 2020 WL 2201970, at *4 (W.D.N.Y. May 6, 2020) (describing conditions at FCI Elkton as "dire"); Montanez, 2020 WL 2183093, at *1 (describing FCI Elkton as "particularly hard it by COVID-19"). In addition, the conditions at FCI Elkton are presently being litigated in a class action suit brought by inmates. See Wilson v. Williams, Case No. 4:20-cv-794, 2020 WL 1940882, at *2 (N.D. Ohio Apr. 22, 2020) vacated by No. 20-3447, 2020 WL 3056217 (6th Cir. June 9, 2020).

8

subsequent negative test results from July 9, 2020.  (Reply Memorandum, Exhibit A; Supplemental Exhibit G, Docket No. 402.)   Assuming the veracity of the COVID-19 testing, it appears that Rodriguez weathered the virus without incident and is now recovered, making release at this time further unwarranted.[7]  See United States v. Malecki, 17-CR-18S, 2020 WL 4013050, at *4-5 (W.D.N.Y. July 16, 2020) (denying compassionate release to inmate fully recovered from COVID-19); United States v. Weiskopf, 19-CR-6093G, 2020 WL 3248383, at *2 (W.D.N.Y. June 16, 2020) (denying compassionate release to defendant infected with COVID-19); United States v. Zubkov, No. 14-cr-773 (RA), 2020 WL 2520696, at *3 (S.D.N.Y. May 18, 2020) (denying compassionate release to fully recovered defendant).

Finally, Rodriguez presents miscellaneous grounds that he argues warrant compassionate release.  He cites the psychological effects of fearing COVID-19 (Harrington Aff., ¶ 37); the need to take care of his ill ex-wife, with whom he intends to reside if released (id. ¶¶ 35, 47); and the allegedly incorrect calculation of his sentence and unfair timing of the indictment brought against him (id. ¶¶ 39-43).  But whether considered individually or in combination, none of these circumstances rises to the level of an extraordinary and compelling reason warranting the extraordinary relief of compassionate release under the governing statute.

Accordingly, for all of the reasons stated above, this Court finds that Rodriguez has failed to demonstrate an extraordinary and compelling reason for a sentence

---

[7] Several courts have reasoned that, once a defendant has already contracted COVID-19, the issue becomes whether the defendant is being provided necessary and adequate medical treatment.  See United States v. Zubkov, No. 14-cr-773 (RA), 2020 WL 2520696, at *3 (S.D.N.Y. May 18, 2020); United States v. Russo, No. 16-CR-441 (LJL), 2020 WL 1862294, at *8 (S.D.N.Y. Apr. 14, 2020).  Since Rodriguez was asymptomatic if he did indeed have the virus, the medical treatment he received is not at issue.

9

reduction under U.S.S.G. § 1B1.13 comment n. 1 (D).

### 3. Consideration of the § 3553 (a) Factors

This Court further finds that consideration of the § 3553 (a) factors outweighs any extraordinary and compelling reasons for a sentence reduction that could be found to exist, and that a reduction would undermine Rodriguez's original sentence. See 18 U.S.C. § 3582 (c)(1)(A) (requiring consideration of the applicable § 3553 (a) factors); see also Ebbers, 2020 WL 91399, at *7. The § 3553 (a) factors include, *inter alia*, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553 (a).

Rodriguez was involved in a large-scale, interstate marijuana distribution ring. (Plea Agreement, ¶ 5.) He and his confederates shipped marijuana from Arizona to Buffalo, N.Y., first by mail and then by truck. In total, Rodriguez received more than 2,000 pounds of marijuana, and his admitted relevant conduct involved 1,000 kilograms but less than 3,000 kilograms of marijuana. (Id.)

For this serious criminal activity, this Court imposed a 60-month sentence, which fell 18 months below the lowest end of the recommended guideline range of 78-97 months' imprisonment. This is a fair, just, and reasonable sentence which, in this Court's view, would be severely undermined by a reduction to time served. Such a reduced sentence would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from future

crimes by the defendant.  See 18 U.S.C. § 3553 (a).  Such a reduction would also result in unwarranted sentencing disparities.  Id.  Accordingly, consideration of the § 3553 (a) factors outweighs any extraordinary and compelling reasons for a sentence reduction.

### 4. Consistency of a Reduction with U.S.S.G. § 1B1.13

Lastly, any sentence reduction must be consistent with U.S.S.G. § 1B1.13, which essentially means that this Court must determine whether Rodriguez is a danger to the safety of any person or to the community.  See 18 U.S.C. § 3582 (c)(1)(A) (requiring that any sentence reduction be consistent with applicable policy statements issued by the Sentencing Commission); U.S.S.G. § 1B1.13 (2).  Other than his substantial involvement in the inherently dangerous business of drug-trafficking, the government has made no showing that Rodriguez poses a specific danger to any person or the community, if release was otherwise found to be warranted (which it is not).

### IV. CONCLUSION

For all of the reasons stated above, this Court finds that compassionate release under 18 U.S.C. § 3582 (c)(1)(A)(i) is not warranted.  Rodriguez's motion will therefore be denied.

### V. ORDER

IT HEREBY IS ORDERED, that Rodriguez's Motion for Compassionate Release (Docket No. 396) is DENIED.

SO ORDERED.

Dated:      July 28, 2020
            Buffalo, New York

                                                    s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                                    United States District Judge